UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

AMRO ELANSARI, :
　　　　　Petitioner :
vs. :
　: CIVIL NO. 1:CV-14-2493
COMMONWEALTH OF :
PENNSYLVANIA, : (Judge Caldwell)
　:
　　　　　Respondent :

*M E M O R A N D U M*

I.   *Introduction*

On December 26, 2014, the pro se petitioner, Amro Ayman Elansari, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1, Pet.)  For the reasons set forth below, the Petition will be summarily dismissed without requiring a response from the Respondent.[1]

II.   *Background*

On May 10, 2014, Elansari was arrested for possession of a controlled substance by a person not registered, a violation of 35 P.S. § 780-113(a)(16), and for

---

[1] *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ( "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner)."  As will be seen below, this petition is governed by 28 U.S.C. § 2241, but we can apply the 28 U.S.C. § 2254 rules "to a habeas corpus petition not covered by Rule 1(a)" of the 2254 rules.  *See* Rule 1(b) of the Rules Governing Section 2254 Cases.

possession of a small amount of marijuana, a violation of 35 P.S. § 780-113(a)(31).[2] Elansari's preliminary hearing was held on August 13, 2014. All charges were held over for court. His formal arraignment in the Columbia County Court of Common Pleas was held on September 29, 2014, before the Honorable Gary E. Norton. Elansari then filed a motion *in limine* to exclude evidence and a motion to dismiss. The trial court scheduled a hearing on both matters for December 15, 2014. While the outcome of the hearing is not listed on the docket, on December 22, 2014, Elansari filed a petition for rehearing on his motion to dismiss. The trial court denied that motion on December 30, 2014. Elansari is not presently incarcerated. He remains free on unsecured bond.

In his petition, Elansari argues that the two statutes under which he has been charged are unconstitutional. Specifically, he alleges the statutes violate his Fifth and Fourteenth Amendment rights as they prohibit "the personal use and possession of marijuana" which he believes "is a fundamental right." (*Id.*, ECF p. 7). Elansari asks this court to declare 35 P.S. § 780-113(a)(16) and 35 P.S. § 780-113(a)(31) unconstitutional. (*Id.*, ECF p. 8). Elansari had sought similar relief in a previous habeas petition docketed at No. 14-CV-1588 (M.D. Pa.), which we dismissed on August 25, 2014.

III.   *Discussion*

Elansari seeks habeas relief under 28 U.S.C. § 2241. He asks this court's intervention in his state criminal proceedings by declaring the state statutes

---

[2] The court takes judicial notice of the docket sheets in *Commonwealth v. Elansari*, MJ-26201-CR-00002–02014 (M.J. Russell L. Lawton) and *Commonwealth v. Elansari*, CP-19-CR-0000680-2014 (Columbia Cnty. Ct. Com. Pl.), both available through the Pennsylvaina's Unified Judicial Docket System docket research at https://ujsportal.pacourts.us/.

unconstitutional.  Such intercession is unwarranted under the doctrine of abstention.  In *Younger v. Harris*, 401 U.S. 37, 54, 91 S.Ct. 746, 755, 27 L.Ed.2d 669 (1971), the United States Supreme Court held that the "possible unconstitutionality" of a state criminal statute did not justify federal intervention into the state's good-faith enforcement of the statute in question.

Furthermore, a series of Supreme Court opinions following *Younger* have since "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 431, 102 S.Ct. 2515, 2521, 73 L.Ed.2d 116 (1982).  "*Younger* abstention," as this doctrine has come to be known, "is premised on the notion of comity, a principle of deference and 'proper respect' for state governmental functions in our federal system." *Evans v. Court of Common Pleas, Delaware Cnty., Pa.,* 959 F.2d 1227, 1234 (3d Cir. 1992).  "In *Younger*, the Supreme Court held that, absent a showing of bad faith or an intent to harass, federal courts should decline requests to enjoin state criminal prosecutions, 'particularly ... when the moving party has an adequate remedy' in state court." *Gonzalez v. Waterfront Com'n of New York*, 755 F.3d 176, 180 (3d Cir. 2014)(internal citation omitted).

This case clearly meets the *Younger* abstention criteria.  First, Elansari's state criminal proceedings are still pending, and any relief granted in this matter would interfere with those proceedings.  Second, any such ongoing criminal proceedings would clearly implicate state interests. *See Kelly v. Robinson*, 479 U.S. 36, 49, 107 S.Ct. 353, 361, 93 L.Ed.2d 216 (1986) ("This Court has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the

most powerful of the considerations that should influence a court considering equitable types of relief."). Finally, Elansari has an adequate opportunity in state court to raise any constitutional challenge to his criminal prosecution. *See Lazaridis v. Wehmer*, 591 F.3d 666, 670-71 (3d Cir. 2010).

Elansari suggest that this case presents "extraordinary circumstances" justifying our intervention, but we disagree. *See Kirschner v. Klemons*, 225 F.3d 227, 236 (2d Cir. 2000)("Mere conclusory allegations of bias are insufficient to overcome *Younger* — a plaintiff seeking to avoid *Younger* must affirmatively demonstrate the justification for application of an exception.").

We will issue an appropriate order.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: January 5, 2015